# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN JONES, JR., | Case No. 1:13-cv-00136-SKO PC |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| J. AKANNO, M.D., et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**First Screening Order**

**I.   Screening Requirement and Standard**

Plaintiff Kevin Jones, Jr., a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 29, 2013.  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1    A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

## II.  Discussion

### A.  Allegations

Plaintiff, who is currently incarcerated at California State Prison-Lancaster, brings this action against prison officials for violation of his right to adequate medical care while he was incarcerated at Kern Valley State Prison in Delano.  Plaintiff's claim arises out of the medical care he was provided for the injuries he sustained to his foot on July 29, 2012, when he accidentally dropped a hot pot containing boiling water.

Plaintiff seeks damages, a declaration that his rights were violated and unspecified injunctive relief; and he names thirty-six defendants in their official and individual capacities.

### B.  Declaratory and Injunctive Relief

Plaintiff is no longer incarcerated at Kern Valley State Prison and as a result, his claims for declaratory and injunctive relief are moot.  18 U.S.C. § 3626(a)(1)(A); *Summers v. Earth Island*

*Institute*, 555 U.S. 488, 493, 129 S.Ct. 1142 (2009); *Alvarez v. Hill*, 667 F.3d 1061, 1063-64 (9th Cir. 2012); *Pinnacle Armor, Inc. v. U.S., 648 F.3d 708, 715* (9th Cir. 2011); *Mayfield v. United States*, 599 F.3d 964, 969-73 (9th Cir. 2010); *Rhodes v. Robinson*, 408 F.3d 559, 565-66 n.8 (9th Cir. 2005).  In the event that Plaintiff is able to cure the deficiencies in his Eighth Amendment medical care claim, discussed below, he is limited to seeking damages.

### C. Official Capacity Claims

Plaintiff names each defendant in his or her official and individual capacities.  However, "[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." *Aholelei v. Dept. of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted).  Because this action is limited to one for damages, Plaintiff may not proceed against any defendant in his or her official capacity.

### D. Eighth Amendment Medical Care Claim

Section 1983 only provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  Negligent medical care does not support a claim for relief under section 1983.  *Snow v. McDaniel*, 681 F.3d 978, 987-88 (9th Cir. 2012) (citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1977)).  The Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  *Snow*, 681 F.3d at 985; *Wilhelm*, 680 F.3d at 1122; *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

Plaintiff's burn injury, which was sufficiently serious to necessitate treatment at an outside hospital and which required surgery after it became infected, qualifies as an objectively serious medical need.  *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000).  However, Plaintiff has not alleged sufficient facts linking the named defendants to actions or omissions which rise to the level of deliberate indifference.  An Eighth Amendment claim may not be premised on even gross negligence, *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990), and Plaintiff's more serious allegations relating to the cleaning of his wound indicate nothing more than negligence,

3

*Snow*, 681 F.3d at 985 (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.  Other allegations, including that Plaintiff was transported to and from the hospital in a dirty patrol car, do not even rise to the level of negligence.

### III. Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  The Court will provide Plaintiff with an opportunity to file an amended complaint.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez*, 203 F.3d at 1130; *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  However, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the mere theory of *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Starr v. Baca*, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///

///

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

Dated: **October 28, 2013**              **/s/ Sheila K. Oberto**
                                          UNITED STATES MAGISTRATE JUDGE