# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN JONES, JR., | Case No. 1:13-cv-00136-AWI-SKO (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| J. AKANNO, M.D., et al., | |
| Defendants. | (Doc. 15) |
| | TWENTY-DAY OBJECTION DEADLINE |

### I.   **Procedural History**

Plaintiff Kevin Jones, Jr., a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 29, 2013.  On October 29, 2013, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim under section 1983.  Plaintiff filed an amended complaint on December 5, 2013.

### II.   **Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court

shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**III.   Discussion**

Plaintiff, who is currently incarcerated at California State Prison, Los Angeles County, in Lancaster, California, brings this action against a plethora of defendants for violating his rights under the Eighth Amendment of the United States Constitution while he was at Kern Valley State Prison in Delano, California.

Plaintiff's claims arise out of the alleged failure to provide him with adequate medical care following an incident on July 29, 2012, in which he spilled hot water on himself, causing third-degree burns to his right ankle and leg.

Section 1983 only provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d

1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1977); *Snow v. McDaniel*, 681 F.3d 978, 987-88 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012). Rather, the Eighth Amendment is violated only when prison officials act with deliberate indifference to an inmate's serious medical needs. *Snow*, 681 F.3d at 985; *Wilhelm*, 680 F.3d at 1122; *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

Plaintiff's burn injury, which was sufficiently serious to necessitate two skin graft surgeries at an outside hospital, qualifies as an objectively serious medical need. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). However, Plaintiff's allegations simply do not support a claim that prison officials knew of and disregarded a substantial risk of harm to his health following his injury. *Snow*, 681 F.3d at 985; *Wilhelm*, 680 F.3d at 1122. Furthermore, some of Plaintiff's allegations, including his allegation that the doctor who released him from Delano Regional Medical Center failed to issue him shoes and to require that he be transported back to prison in a sterilized vehicle, are patently frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827 (1989); *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996); *Cato v. U.S.*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**IV.    Conclusion and Recommendation**

Plaintiff's amended complaint fails to state a claim upon which relief may be granted under section 1983. Plaintiff was previously provided with the opportunity to amend and based on the deficiencies identified herein, further leave to amend would be futile. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez*, 203 F.3d at 1130; *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within

**twenty (20) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 20, 2014**                              **/s/ Sheila K. Oberto**
                                                  UNITED STATES MAGISTRATE JUDGE