# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN JONES, | Case No. 1:13-cv-00136-AWI-SKO (PC) |
| Plaintiff, | ORDER DENYING REQUEST FOR RECONSIDERATION, WITH PREJUDICE |
| v. | (Doc. 21) |
| J. AKANNO, et al., | |
| Defendants. | |

Plaintiff Kevin Jones, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 29, 2013, and the case was dismissed, with prejudice, for failure to state a claim on July 29, 2014.

On August 6, 2014, Plaintiff filed a motion seeking an extension of time to file objections to the Magistrate Judge's findings and recommendations, which were filed on May 21, 2014, and adopted by the court on July 29, 2014. On August 11, 2014, the Magistrate Judge denied Plaintiff's motion for an extension of time as untimely and moot in light of the dismissal. Plaintiff filed an objection on September 5, 2014.

Rule 72(a) of the Federal Rules of Civil Procedure allows a party to serve and file objections to a Magistrate Judge's non-dispositive order within ten days. In this court, this type of objection is treated as a motion for reconsideration by the assigned District Court Judge and should be captioned "Request for Reconsideration." See Local Rule 72-303. While Plaintiff did

not file a request for reconsideration, in the interests of justice the court will review Plaintiff's objections under Local Rule 72-303.

Motions to reconsider are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision." U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal. 2001) (internal quotation marks and citation omitted). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

The court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A). Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); Sec. Farms v. Int'l Bhd. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997); Green v. Baca, 219 F.R.D. 485, 489 (C.D.Cal. 2003); see also Anderson v. Equifax Info. Services LLC, 2007 WL 2412249, at *1 (D.Or. 2007) ("Though Section 636(b)(1)(A) has been interpreted to permit de novo review of the legal findings of a magistrate judge, magistrate judges are given broad discretion on discovery matters and should not be overruled absent a showing of clear abuse of discretion."). The "'clearly erroneous' standard is significantly deferential." Concrete Pipe and Prod. of California, Inc. v. Constr. Laborers Pension Trust for S. Cal., 508 U.S. 602, 623 (1993).

The "contrary to law" standard allows independent, plenary review of purely legal determinations by the magistrate judge. See Haines v. Liggett Grp., Inc., 975 F.2d 81, 91 (3rd

1  Cir.1992); Green, 219 F.R.D. at 489; see also Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir.
2  2002).  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law,
3  or rules of procedure."  Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D.
4  Minn. 2008); Rathgaber v. Town of Oyster Bay, 492 F.Supp.2d 130, 137 (E.D.N.Y. 2007); Surles
5  v. Air France, 210 F.Supp.2d 501, 502 (S.D.N.Y. 2001); see Adolph Coors Co. v. Wallace, 570
6  F.Supp. 202, 205 (N.D. Cal. 1983).

7        The findings and recommendations were filed on May 21, 2014, and Plaintiff was provided
8  twenty days within which to object.  (Doc. 16.)  More than sixty days passed before the court
9  adopted the findings and recommendations in full on July 29, 2014.  (Doc. 17.)  The Magistrate
10 Judge correctly concluded that Plaintiff's motion for an extension of time was untimely and that it
11 was moot given the adoption of the findings and recommendations.  Fed. R. Civ. P. 6(b)(1)(A);
12 Local Rule 144(d).  (Docs. 19, 20.)  Plaintiff's request for reconsideration is devoid of any
13 grounds entitling him to relief from the Magistrate Judge's order; Plaintiff's mere disagreement
14 does not suffice.  Westlands Water Dist., 134 F.Supp.2d at 1131.

15       Accordingly, Plaintiff's request for reconsideration is HEREBY ORDERED DENIED,
16 with prejudice, and any further objections or requests for reconsideration will be summarily
17 denied.

IT IS SO ORDERED.

Dated:   September 30, 2014                    _____
                                          SENIOR DISTRICT JUDGE